IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EDWIN DEWAYNE WILLIAMS, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:05-CV-132-A |
| § | |
| DOUGLAS DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS § | |
|  DIVISION, § | |
|     Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Edwin DeWayne Williams, TDCJ-ID #609572, was in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Bridgeport, Texas, at the time this petition was filed.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

In 1991, pursuant to a plea bargain agreement, Williams pled guilty to burglary of a building in the 173rd District Court of Henderson County and was sentenced to fifteen years' confinement. (3State Habeas R. at 26.)[1] On October 16, 1997, Williams was released on mandatory supervision. (Parole R. at 14-15.) While on release, Williams was arrested for driving while intoxicated and possession of a controlled substance. (Id. at 3.) As a result, a pre-revocation warrant was issued for Williams's arrest on December 13, 2001. (Id. at 1.) A revocation hearing was conducted on May 6, 2002, during which Williams admitted to both criminal allegations. (Id. at 3.) Based on Williams's admission in conjunction with witness testimony and documentary exhibits, the hearing officer recommended that Williams's mandatory supervision be revoked. (Id. at 5-9.) In accordance with this recommendation, the Texas Board of Pardons and Paroles (the Board) revoked Williams's mandatory supervision on May 13, 2002. (Id. at 3.)

Williams sought administrative review and state and federal habeas relief following the revocation proceeding. He filed two relevant state habeas applications. The first, filed on April 25, 2003, was dismissed by the Texas Court of Criminal Appeals pursuant to § 501.0081 of the Texas Government Code on June 18, 2003. *Ex parte Williams*, Application No. 26,822-03, at cover. The second, filed on February 25, 2004, was denied without written order by the Court of Criminal Appeals on the findings of the trial court on January 26, 2005. *Ex parte Williams*, Application No. 26,822-04, at cover. In the interim, he pursued his administrative remedy via the prison's time credit dispute resolution process from December 3, 2002 through June 10, 2003, to no avail. (Time Credit R. at 1.) He also filed his first federal petition for writ of habeas corpus on October 21, 2003, which was dismissed without prejudice on March 16, 2004, for failure to exhaust. *Williams v. Dretke*, Civil

---

[1]"3State Habeas R." and "4State Habeas R." refer to the state court records for Williams's habeas application nos. 26,822-03 and 26,822-04, respectively.

2

Action No. 4:04-CV-1270-A. Williams filed this federal petition for writ of habeas corpus on February 22, 2005. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing). Dretke has filed an answer with documentary exhibits, to which Williams has not replied.

## D.  ISSUES

In four grounds, Williams complains that (1) the revocation hearing was held outside the state statutory constraints, (2) he was denied his right to appeal the Board's decision to revoke his mandatory supervision, (3) TDCJ has illegally extended his fifteen-year sentence in violation of the original plea bargain agreement, and (4) he was denied his right to counsel during the revocation proceeding. (Federal Pet. at 7-8.)

## E.  RULE 5 STATEMENT

Dretke believes Williams has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) and does not move for dismissal on exhaustion grounds. Instead, Dretke maintains that Williams's petition is time barred under the federal statute of limitations. 28 U.S.C. § 2244(d). (Resp't Answer at 4-7.)

## F.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, the statutory provision set forth in subsection (D) applies, *viz*, the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008). Williams could have discovered, through the exercise of due diligence, the factual predicate of his claims on May 13, 2002, the date his mandatory supervision was revoked. Accordingly, the statute of limitations began on May 13, 2002, and expired one year later on May 13, 2003, subject to any applicable tolling.

Dretke acknowledges that the limitations period was statutorily tolled for 54 days while Williams's first state habeas application was pending under § 2244(d)(2). He contends, however, that the statutory tolling provision does not provide for tolling during the pendency of the administrative dispute resolution proceeding or Williams's first federal habeas proceeding. He further contends that Williams's second state habeas application, filed after the limitations period

4

has already expired, did not operate to toll the statute of limitations.

As noted in Williams's prior federal proceeding, the pendency of a prison grievance procedure such as the one involved here, which is mandated by § 501.0081 of the Texas Government Code, tolls the running of the statute of limitations. *See* TEX. GOV'T CODE ANN. 501.0081 (Vernon 2004)[2]; *Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D. Tex. Sept. 17, 2003); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief). The record reflects that following revocation of his mandatory supervision Williams requested administrative correction of time credited toward his sentence through the prison's time credit dispute resolution process, as statutorily required, on December 3, 2002. (Time Credit R. at 1.) On June 10, 2003, TDCJ notified Williams in writing that there was no error in his time calculation. (Id.) Thus, Williams's administrative proceeding was

---

[2]Section 501.0081 of the Texas Government Code provides:

(a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

(1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

5

pending a total of 189 days, and he is entitled to have that period tolled under the statute. He is also entitled to an additional 8 days tolled under § 2244(d) during the pendency of his first state habeas application.

Williams is not, however, entitled to additional tolling during the pendency of his first federal petition or his second state habeas application. A prior federal habeas proceeding does not toll the statute of limitations under § 2244(d)(2), although a court may equitably toll limitations during the pendency of such a proceeding. *Duncan v. Walker*, 533 U.S. 167, 183-84 (2001) (Stevens, J., concurring); *see also Neverson v. Bissonnette* 261 F.3d 120, 127 (1st Cir. 2001) (remanding case to district court to consider equitable tolling under concurring opinion in *Duncan*). Equitable tolling is available only in rare and exceptional circumstances, which must be examined on a case-by-case basis. *See Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally where the petitioner is actively misled by the respondent about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Further, a petitioner must diligently pursue habeas relief to be entitled to equitable tolling. *Alexander*, 294 F.3d at 629.

In this case, Williams waited nearly seven months after his mandatory supervision was revoked to seek administrative review and over eleven months to file his first state habeas application. Following disposition of those proceedings, he waited four months to file his first federal petition. On these facts, equitable tolling during the pendency of Williams's first federal

petition is not justified.[3] Thus, without the benefit of equitable tolling during that time period, Williams's federal petition was due on or before November 26, 2003. His second state habeas application filed after limitations had already expired did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Williams's petition filed on February 22, 2005, is therefore untimely.[4]

## II. RECOMMENDATION

It is therefore recommended that Williams's petition for writ of habeas corpus be dismissed as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 2, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

---

[3] Williams was advised in his prior federal proceeding that his claims may be time barred, absent cause for equitable tolling, upon his return to federal court.

[4] Williams filed a change of address with the court on April 28, 2005, indicating that his new address was 2304 N.E. Loop 317, Athens, Texas 75752. Thus, it appears he has been re-released by TDCJ either on parole or mandatory supervision. This fact may render one or more of his claims moot.

7

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 2, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 12, 2005.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE